**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Christopher S. Wise, | * | |
| | | Case No. 2:22-cv-2689 |
| On behalf of himself and those | * | |
| similarly situated, | | Judge |
| | * | |
| Plaintiff, | | Magistrate Judge |
| v. | * | |
| | | **JURY DEMAND ENDORSED HEREON** |
| PACCAR, Inc. | * | |
| c/o The Prentice-Hall Corporation | | |
| System, Inc. | * | |
| 3366 Riverside Drive, Suite 103 | | |
| Upper Arlington, Ohio 43221 | * | |
| | | |
| Defendant. | * | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Christopher Wise ("Plaintiff" or "Wise"), by and through undersigned

counsel, individually and on behalf of other members of the general public similarly situated, for

his Collective and Class Action Complaint against PACCAR, Inc. ("PACCAR" or "Defendant")

for its failure to pay employees overtime wages seeking all available relief under the Fair Labor

Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage

Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio

Rev. Code § 4113.15; Article II, Section 34a of the Ohio Constitution ("Section 34a"); and Ohio's

Criminal Acts statute, Ohio Rev. Code § 2306.70 ("Ohio Criminal Acts Statute") (Ohio Wage Act,

OPPA, and Ohio's Criminal Acts Statute together hereinafter "Ohio Acts"). Named Plaintiff's

FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio

Acts claims are asserted as a class action under Rule 23. The following collective and class action

allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Ohio, Defendant maintain one of their facilities in and/or Defendant otherwise conducted substantial business in the Southern District of Ohio, Eastern Division.

## II.     FACTUAL ALLEGATIONS

### A.  Named Plaintiff Christopher Wise

4.     Plaintiff Wise is an individual, United States citizen, and resident of this judicial district.

5.     Wise worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts primarily on the assembly line from November, 2011 until his departure in August, 2020.

6.      At all times relevant, Wise primarily performed non-exempt duties for Defendant, including assembling parts on the production line at the Defendant's facility located at 65 Kenworth Drive, Chillicothe, Ohio 45601.

7.      Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

## B.  Defendant PACCAR

8.      At all times relevant, PACCAR is a foreign for-profit corporation authorized to do business in Ohio and regularly conducts business in this judicial district through its registered trade name Kenworth Trucking Company at its main manufacturing facility located at 65 Kenworth Drive, Chillicothe, Ohio 45601.

9.      PACCAR manufactures light, medium, and heavy-duty trucks under the Kenworth, Peterbilt, and DAF nameplates across the United States and worldwide.

10.     Upon information and belief, in addition to its Chillicothe, Ohio facility, PACCAR has another manufacturing facility located in Renton, Washington and one in Columbus, Mississippi.

11.     As a result, at all times relevant, PACCAR was also an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Plaintiff and those similarly situated as described herein.

12.     At all relevant times, Defendant had direct or indirect control and authority over Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment.  At all relevant times, Defendant exercised that authority and control over Plaintiff and other similarly situated employees.

13.     Upon information and belief and Defendant's own business records, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

14.     At all relevant times, Defendant suffered or permitted Plaintiff and other similarly situated employees to work. The work that Plaintiff and other similarly situated employees performed was for Defendant's benefit.

15.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

16.     During relevant times, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

17.     Upon information and belief, during the three (3) years preceding this Complaint, Defendant operated/operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18.     Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its entities/locations, including policies, practices and procedures relating to payment of and compliance with the FLSA and Ohio law (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

19.     Defendant has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

20.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III.     COLLECTIVE AND CLASS ACTION ALLEGATIONS

21.     At all times relevant, (1) Defendant was an employer as defined by the FLSA and accompanying state wage and hour laws, (2) Named Plaintiff and those similarly situated employees regularly worked overtime without compensation, and (3) Defendant knew that Named Plaintiff and those similarly situated worked overtime and did not pay them for it, including, but not limited to, one or more reasons alleged below.

### (Unpaid Overtime as a Result of Uncompensated Pre-Shift Work)

22.     After donning certain personal protective equipment which is required to be maintained at Defendant's facility, Plaintiff and others proceed to the tool crib to gather tools such as drills, sockets, bits, and cutters, among other tools.

23.     Next, they walk to their designated work area for a pre-shift hand-off meeting and/or instruction. At the meeting, Plaintiff and similarly situated employees meet with the shift supervisor(s) and/or team leaders to discuss the status of parts that were running, safety protocols, assignment of assembly lines, and go over quotas for the shift/day, among other miscellaneous topics of discussion prior to the scheduled start of their shift.

24.     Plaintiff and others similarly situated then "punch" in/clock in[1] with a personal identification code on the timeclock system, which is located in or around the designated work area(s).

25.     After they clock in, Plaintiff and others similarly situated continue performing job duties for Defendant's benefit.

26.     Defendant was aware that Plaintiff and similarly situated others performed the integral and indispensable preparatory job duties.

27.     However, Defendant have a policy/practice whereby they only pay its employees for their scheduled shifts rather than for all of the time it suffered or permitted Named Plaintiff and similarly situated others to work.

### (Unpaid Overtime as a Result of Interrupted Meal Periods)

28.     Once clocked in, Plaintiff and similarly situated employees generally continued working at all times with the exception of a meal break, if any is taken.

29.     Defendant has a policy of not compensating Named Plaintiff and others for 30 minutes each day.

30.     However, Plaintiff and those similarly situated often did not receive a bona fide meal period because they are regularly unable to take a meal break due to work requirements.

31.     For example, Plaintiff and other similarly situated employees often were unable to take a meal break or they otherwise had their meal breaks interrupted by job duties because they were encouraged to continue production/assembly in order to maximize such production during their scheduled shifts.

---

[1] For all intents and purposes of this declaration, the terms "punch in" and "clock in" are used interchangeably and have the same meaning herein. In addition, the terms "punch" out and "clock out" also are used interchangeably and have the same meaning.

32.     Consequently, Plaintiff and other similarly situated employees often did not receive a fully uninterrupted bona fide meal period of 30 minutes. Nevertheless, Defendant did not compensate them for 30 minutes regardless of whether its employees worked through or had an interrupted meal period.

33.     Defendant did not have an established policy or practice of compensating Named Plaintiff and other hourly employees for a meal period if they report missed or interrupted meal periods.

34.     Defendant's policy or practice of not paying 30 minutes for a meal period despite knowing that Plaintiff and other similarly situated employees did not receive an 0.5-hour uninterrupted meal break violates the FLSA and Ohio law inasmuch as the breaks do not constitute a bona fide meal period.

### (Unpaid Overtime for Uncompensated Post-Shift Job Work)

35.     Following the meal break, if any, Plaintiff and other similarly situated employees continued performing their production work up to and including the time that they clocked out.

36.     Once clocked out, Plaintiff and other similarly situated employees were finished performing their job duties on the production floor and they exited it.

37.     Thereafter, Plaintiff and other similarly situated employees proceeded to the locker room where they doff their PPE before departing the premises.

38.     Despite occasionally working beyond the scheduled end of their shifts on the production floor, Defendant regularly only compensated its employees for their scheduled shift.

39.     Moreover, Plaintiff and other similarly situated employees were not compensated for any off-the-clock work performed after clocking out.

**(Unpaid Overtime for Failure to Calculate Overtime Based on the Proper Regular Rate of Pay)**

40.     Finally, Defendant has a companywide policy of paying Named Plaintiff and other similarly situated employees additional remuneration in the form of a shift premium for working certain shifts.

41.     At relevant times during Plaintiff's employment, he worked second shift.

42.     In addition to his base hourly rate of $33.20 per hour, he was paid a shift premium.

43.     However, during workweeks when he and others worked overtime and earned shift premium in addition to his base hourly pay, Defendant failed to include the shift premium into his regular rate of pay for purposes of calculating his overtime rate. *See* 29 C.F.R §§ 778.207(b).

44.     For example, Named Plaintiff worked over forty (40) hours during the workweek of January 6, 2020 through January 12, 2020. Named Plaintiff also earned a shift premium during this workweek. However, Named Plaintiff's overtime was paid at the rate of $49.79 (1.5 times Named Plaintiff's base hourly rate of $33.20) without including the additional shift premium in such calculation.

45.     The above sample workweek is just one non-exhaustive workweek during his employment.

46.     Defendant was aware of the aforementioned pay policies/practices, but failed to pay Named Plaintiff and other hourly assembly employees anyways.

47.     As set forth herein, Defendant willfully failed to compensate Plaintiff and other similarly situated employees for all overtime hours worked as a result of: (1) the unpaid pre-shift work before their scheduled shifts; (2) not paying them for 30 minutes per day for a meal period even though Plaintiff and others did not receive a bona fide meal period; (3) work performed after the scheduled end of employees' shifts; and (4) failing to properly calculate employees' overtime

rates based on their regular rates of pay rather than their base hourly rates of pay during workweeks when they worked overtime and received additional remuneration, including, but not limited to a shift premium.

48.     Plaintiff and other similarly situated employees performed the preceding unpaid work every workday and it should have been properly classified as part of their regular working time. This integral and indispensable unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

49.     There was no practical administrative difficulty of recording this integral and indispensable unpaid work of Plaintiff and other similarly situated employees.

50.     This unpaid work performed by Plaintiff and other similarly situated employees constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

51.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees and was part of their continuous workday.

52.     Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees as described herein.

53.     Upon information and belief, for the three years preceding this Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt employees at their facilities, including Named Plaintiff.

54.     Defendant is in possession and control of necessary documents and information from which Plaintiff and other similarly situated employees would likely be able to calculate their on-the-clock damages. Upon information and belief, Defendant failed to record the necessary and

required information to determine all of the time that Plaintiff and other similarly situated employees spent working.

### A. 216(b) Collective Action for Unpaid Overtime Wages.

55.     Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

56.     The class which Plaintiff seeks to represent and for whom Plaintiff seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All current and former hourly production/assembly employees of Defendant who performed at least 40 hours of work in any workweek beginning three years prior to the filing of this Complaint and continuing through the date of judgment. (the "FLSA Collective" or the "FLSA Collective Members").

57.     Named Plaintiff and the FLSA Collective Members were all subject to the same policies or practices described above which result in unpaid overtime

58.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former production employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

59.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of

collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

60.     During some or all of the last three (3) years, Defendant did not pay Named Plaintiff and the putative FLSA Collective Members for time spent performing substantive and substantial work duties for Defendant's benefit.

**B.  Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

61.     Named Plaintiff brings his Ohio Acts claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All current and former hourly Ohio production/assembly employees of Defendant who performed at least 40 hours of work in any workweek beginning two years prior to the filing of this Complaint and continuing through the date of judgment. (the "Ohio Rule 23 Class" or the "Ohio Rule 23 Class Members").

62.     The Ohio Rule 23 Class includes all production employed by Defendant who worked in the State of Ohio during the relevant time period above.

63.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

64.     Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

65.     Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

66.     Plaintiff has no interest that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

67.     Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

68.     Questions of law and fact are common to the Ohio Rule 23 Class.

69.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their hourly production employees.

70.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Ohio Rule 23 Class as a whole.

71.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

72.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for certain hours worked in excess of forty hours per week as described herein; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the FLSA were willful to trigger the Ohio Criminal Acts statute; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; (e) whether the unpaid and/or withheld compensation remained unpaid is in violation of the OPPA; (f) whether Defendant's conduct was in good faith or if Plaintiff and the Ohio Rule 23 Class are entitled to liquidated damages under the OPPA; and

(g) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

73. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.    CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendant.

76. Defendant's practice and/or policy of not paying Plaintiff and other similarly situated employees for integral and indispensable work performed outside of their scheduled shifts each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

77. Further, Defendant's practice and/or policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked, including: (1) unpaid pre-shift work before their scheduled shifts; (2) not paying them for 30 minutes per day for a meal period even though Plaintiff and others did not receive a bona fide meal period; (3) work performed after the scheduled end of

employees' shifts; and (4) failing to properly calculate employees' overtime rates based on their regular rates of pay rather than their base hourly rates of pay during workweeks when they worked overtime and received additional remuneration, including, but not limited to a shift premium.

78.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 CFR § 516.2(a)(7).

79.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

80.     As a result of Defendant's practices and/or policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

81.     The exact total amount of compensation, including overtime compensation, that Defendant have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

82.     Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves, and the FLSA Collective Members.

**COUNT II**
**(O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

83.     All of the preceding paragraphs are realleged as if fully rewritten herein.

84.     This claim is brought under Ohio law.

85.     Plaintiff and the Rule 23 Class Members have been employed by Defendant, and each Defendant is an employer covered by the overtime requirements under Ohio law.

86.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

87.     While employed by Defendant, Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not fully paid overtime wages for all such hours spent working as outlined above.

88.     As a result of Defendant's company-wide corporate policies and/or practices as described herein, it failed to pay Plaintiff and the Ohio Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

89.     Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio law.

90.     Defendant's repeated, knowing failure to pay overtime wages to the Plaintiff and the Ohio Rule 23 Class Members were violations of O.R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the Ohio Rule 23 Class Members are entitled.

91.     For Defendant's violations of O.R.C. §4111.03, Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Rule 23 Class Members.

## COUNT III
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

92.     All of the preceding paragraphs are realleged as if fully rewritten herein.

93.     The OPPA encompasses two types of claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

94.     Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

95.     Plaintiff and the Ohio Rule 23 Class Members have been employed by each Defendant.

96.     During relevant times, each Defendant was an entity covered by the OPPA and Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

97.     The OPPA requires that Defendant pay Plaintiff and the Ohio Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

98.     During relevant times, Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

99.     Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

100.    In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

### COUNT IV
### (OHIO CONST. ART. II, § 34a – RULE 23 CLASS ACTION FOR FAILURE TO MAINTAIN WAGE AND HOUR RECORDS)

101.    All of the preceding paragraphs are realleged as if fully rewritten herein.

102.    Article II, Section 34 of the Ohio Constitution requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* Article II, Section 34 of the Ohio Constitution ("§ 34a").

103.    By "record," it means the "name, address, occupation, pay rate, hours worked for each day worked, and each amount paid an employee for a period of not less than three years following the last date the employee was employed."

104.    A private cause of action exists to enforce the provisions of the Ohio Constitution that mandates maintaining Plaintiff's records as described above.

105.    During times material to this complaint, Defendant was a covered employer, and required to comply with the mandates of the Ohio Constitution as described herein.

106.    Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Constitution as described herein.

107.    Defendant's time records do not reflect all time spent working by Plaintiff and similarly situated employees.

108.    By not maintaining accurate records of all hours worked by Plaintiff and the Ohio Rules 23 Class, Defendant violated the Ohio Constitution.

109.    As a result of Defendant's violations of the Ohio Constitution, Plaintiff and those similarly situated are entitled to prove their damages by way of just and reasonable inferences, their damages, including, but not limited to, unpaid wages, an additional two times unpaid wages under Section 34a, as well as recover their attorneys' fees and costs associated with enforcing these provisions.

## COUNT V
### (O.R.C. § 2307.60 – RULE 23 CLASS ACTION FOR DAMAGES)

110.     All of the preceding paragraphs are realleged as if fully rewritten herein.

111.     O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

112.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

113.     By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the Ohio Rule 23 Class have been injured as a result.

114.     In addition, Ohio Revised Code § 4111.99(A)-(B) imposes criminal penalties in the form of a misdemeanor in the third or fourth degrees for anyone who violates section 4111.13 of the Ohio Revised Code. For example, O.R.C. § 4111.13(C) states that, "[n]o employer shall pay or agree to pay wages at a rate less than the rate applicable under sections 4111.01 to 4111.17 of the Revised Code."

115.     As a result of Defendant's violations of the Ohio law, Plaintiff and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## V.     PRAYER FOR RELIEF

   **WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

   A.     Certifying the proposed FLSA collective action;

   B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

   C.     Certifying the proposed Rule 23 Class under the Ohio Acts;

D.      Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law and that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      A declaratory judgment that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F.      Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G.      Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

H.      Awarding to Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, including but not limited to the OPPA;

I.      Awarding to Plaintiff and the Rule 23 Class Members punitive, exemplary, and compensatory damages under O.R.C. § 2307.60;

J. Awarding Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

K.      Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

L.      Leave to add additional plaintiffs;

M.      Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

N.      Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

**BRYANT LEGAL, LLC**

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-704-0546
Fax: 614-573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman