UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER WISE,**

    **Plaintiff,**

  v.                                **Civil Action 2:22-cv-2689**
                                    **Judge Michael H. Watson**
**PACCAR, INC.,**                 **Magistrate Judge Chelsey M. Vascura**

    **Defendant.**

**OPINION AND ORDER**

Plaintiff, Christopher Wise, sues Defendant, PACCAR, Inc., under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and several Ohio statutes, alleging that Defendant failed to pay overtime wages to Plaintiff and other similarly situated employees. (Compl., ECF No. 1.) This matter is before the Court on Plaintiff's Motion to Transfer Venue to the Western District of Washington. (ECF No. 15.) For the reasons below, Plaintiff's Motion is **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff commenced this action on July 5, 2022, in the Southern District of Ohio, where Plaintiff resides and where Plaintiff performed work for Defendant. (Compl., ECF No. 1.) Plaintiff seeks to proceed as a collective action on his FLSA claims under 29 U.S.C. § 216(b) and as a class action on his Ohio state-law claims under Federal Rule of Civil Procedure 23. (*Id.*) Defendant filed its Answer on September 2, 2022. (ECF No. 3.) Some weeks earlier, on August 10, 2022, Defendant had solicited Plaintiff's consent to a stay of the action pending resolution by

the United States Court of Appeals by the Sixth Circuit of an appeal in the case *Clark, et al., v. A&L Home Care and Training Center, LLC, et al.*, No. 22-3101. (August 10, 2022 Email, ECF No. 23-1.) That appeal concerned the standard that FLSA named plaintiffs must meet in order to obtain court-facilitated notice of a collective action to potential opt-in plaintiffs. Plaintiff agreed not to contest the stay in exchange for Defendant agreeing to toll the statute of limitations while the stay was in effect. Accordingly, on October 3, 2022, Defendant filed an Unopposed Motion to Stay pending resolution of the *Clark* appeal. (ECF No. 6.) The Court granted the stay, which remained in effect until June 16, 2023, after the Sixth Circuit decided *Clark*. (ECF Nos. 12–13.)

After the stay was lifted, Plaintiff notified Defendant on June 30, 2023, of his intention to move for a transfer of venue to the Western District of Washington where Defendant is headquartered. (June 30, 2023 Email, ECF No. 18-2.) Plaintiff's stated reason for the transfer was Defendant's personal jurisdiction defense as to non-Ohio plaintiffs or class members raised under *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 396–401 (6th Cir. 2021), in Defendant's Answer. (*Id.*) In the parties' joint Rule 26(f) Report, filed July 7, 2023, Defendant "agreed to waive any argument related to personal jurisdiction" and stated that "all of Plaintiff's claims may be resolved in this Court." (ECF No. 14.) Plaintiff nevertheless maintained his intention to move for a transfer of venue. (*Id.*)

The present Motion to Transfer Venue followed on August 25, 2023. (ECF No. 15.) Plaintiff asserts that the Western District of Washington is a more convenient forum because Defendant is headquartered in Bellevue, Washington, and thus the relevant decision makers and evidence about Defendant's company-wide overtime policies will be concentrated in that forum. (*Id.*) In opposition, Defendant contends that Plaintiff's Motion is transparent attempt at forum-shopping to obtain the Ninth Circuit's plaintiff-friendly FLSA standards rather than the more

2

stringent standards recently established in *Clark*. (ECF No. 18.) Defendant also contends that discovery will reveal that Defendant lacks company-wide policies on timekeeping and payroll, such that Plaintiff's assumptions about the location of relevant witnesses and evidence are incorrect. (*Id.*)

## II. STANDARD OF REVIEW

Plaintiff seeks to transfer venue under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Thus, Courts considering transfer under § 1404(a) must first determine whether the action might have been brought in the requested transferee forum. *See*, *e.g.*, *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 169 (S.D. Ohio 2012). If so, the Court proceeds to consider "both the convenience of the parties and various public-interest considerations" to determine whether the transferee forum would be more convenient. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Factors relating to the convenience of the parties include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 62 n.6, quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6 (1981). "The Court must also give some weight to the plaintiffs' choice of forum." *Id.* Public interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (cleaned up). The Court should "weigh the relevant factors and decide whether, on balance, a

3

transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Id.* at 63 (cleaned up).

District courts have "broad discretion" in ruling on a motion to transfer under § 1404(a). *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The moving party bears the burden of proving that a change of venue is warranted. *Centerville ALF, Inc. v. Balanced Care Corp.,* 197 F. Supp. 2d 1039, 1049 (S.D. Ohio 2002). Specifically, the moving party must establish that transfer would allow for the litigation to proceed in a *more* convenient forum, not merely "a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

### III. ANALYSIS

**A. Any attempt at forum-shopping by Plaintiff is not dispositive.**

Defendant contends that Plaintiff's Motion to Transfer Venue represents an impermissible attempt to obtain a forum with more plaintiff-friendly FLSA standards. In *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), the Sixth Circuit clarified the showing that FLSA plaintiffs must make in order to obtain court-facilitated notice of an FLSA suit to potential opt-in plaintiffs. Previously, plaintiffs had to make a "fairly lenient," "modest factual showing" that other employees are similarly situated to obtain "conditional certification" of an FLSA collective action. After *Clark*, FLSA plaintiffs in the Sixth Circuit must now demonstrate a "strong likelihood" that other employees are similarly situated to the named plaintiff in order to obtain court-facilitated notice of the collective action to other employees. *Id.* at 1008–11. The Ninth Circuit, however, continues to employ a "lenient" standard similar to the pre-*Clark* Sixth Circuit standard. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1108–10 (9th Cir. 2018). Defendant argues that the timing of Plaintiff's Motion to Transfer Venue (filed well after the case was commenced, but almost immediately after *Clark*

4

was decided), combined with the fact that Plaintiff could have simply commenced the action in the Western District of Washington in the first place, suggest that Plaintiff's motivation in seeking transfer could only be forum-shopping.

Although it is the more unusual posture, plaintiffs, just like defendants, may invoke § 1404 to seek transfer for the convenience of the parties and the interests of justice. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961) ("The right to a transfer under the statute is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer."); *Ferens v. John Deere Co.*, 494 U.S. 516, 529 (1990). This is true even when indications of forum-shopping by the plaintiff are present. *See Ferens*, 494 U.S. at 527 ("few [commentators] attempt to explain the harm of forum shopping when the plaintiff initiates a transfer"); *Smith v. Gen. Info. Sols., Inc.*, No. 2:18-CV-230, 2018 WL 4019463, at *2–3 (S.D. Ohio Aug. 23, 2018) (granting transfer sought by plaintiffs to avoid a personal jurisdiction defense available only in transferor forum). Indeed, the potential harm from plaintiff-initiated transfers is minimal because "even without § 1404(a), a plaintiff already has the option of shopping for a forum with the most favorable law." *Ferens*, 494 U.S. at 527. As Defendant acknowledges, Plaintiff could have commenced this action in the Western District of Washington, and Defendant would be no better or worse off in that scenario than if the Court permits transfer at this point. Thus, even if forum-shopping is in play,[1] the proper course is for the Court to consider the usual § 1404(a) factors.

---

[1] The undersigned notes that because Defendant requested a stay at the outset of the case, Plaintiff moved for transfer almost immediately after the stay was lifted, and entry of a case schedule was deferred pending resolution of the present motion at the joint request of the parties (*see* July 10, 2023 Notation Order), this case remains in its procedural infancy. These facts militate against an inference based on timing that Plaintiff is engaging in forum-shopping.

## B. The § 1404(a) factors are neutral.

The parties agree that Plaintiff could have commenced this action in the Western District of Washington and that personal jurisdiction and venue would be proper there based on the location of Defendant's headquarters in Bellevue, Washington; the Court therefore proceeds to consider the private- and public-interest factors.

Plaintiff's choice of forum is given some weight depending on the circumstances. *See*, *e.g.*, *Smith*, 2018 WL 4019463, at *3 (plaintiff's choice of forum carries more weight where the chosen forum has a connection to the litigation and the defendant maintains a principal place of business there); *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) ("where the plaintiff does not reside in the chosen forum, courts assign less weight to the plaintiff's choice") (cleaned up). Here, where the transferee forum houses Defendant's principal place of business, but is not Plaintiff's home, this factor weighs neither strongly in favor nor strongly against transfer.

Moreover, given that Plaintiff has disclaimed any intention to obtain more favorable Ninth Circuit law and Defendant has waived any personal jurisdiction defenses, Plaintiff's choice of forum appears to rest entirely on a different private-interest factor: that is, Plaintiff assumes that the most important witnesses and evidence will be located near Defendant's principal place of business. Defendant disputes this assumption. Defendant operates several facilities across the United States at which Defendant employs shop floor or manufacturing employees that may fall within the scope of Plaintiff's proposed FLSA collective.[2] Plaintiff maintains that timekeeping and payroll policies across Defendant's facilities are uniform as a

---

[2] Defendant represents that it employs shop floor or manufacturing employees at facilities in Ohio, Washington, Texas, and Kentucky. (Am. Initial Disclosures 1–3, ECF No. 18-3.) Plaintiff asserts that Defendant operates additional facilities in Mississippi, Oklahoma, and Illinois that also employ potential opt-in plaintiffs and class members. (Pl.'s Mot. 4, ECF No. 15.)

result of company-wide decision making undertaken in Washington, but Defendant contends that each facility sets its own timekeeping and payroll policies.

Neither party has introduced any evidence to support their view; Plaintiff merely relies on his allegations and Defendant relies only on attorney argument. (*See* Def.'s Mem. in Opp'n 10, ECF No. 18) ("Discovery will reveal significant differences amongst the manufacturing facilities and distribution centers such that Plaintiff cannot adequately represent the persons he seeks to represent. . . . For instance, each facility sets its own timekeeping and payroll practices and is responsible for its own payroll processes.").[3] Given that discovery will be necessary to determine whether the relevant policies are localized or company-wide, the Court is not presently able to determine where the most important witnesses and evidence will be located. At any rate, the prevalence and ease of electronic document production and video conferencing have reduced the importance of this factor. *See Bartell v. LTE Club Operations Co.*, No. 2:14-CV-00401, 2015 WL 770341, at *6–7 (S.D. Ohio Feb. 23, 2015), *report and recommendation adopted*, 2015 WL 1730415 (S.D. Ohio, Apr. 14, 2015) ("Since documents can normally be easily copied and, when they must be reviewed before copying that review is usually conducted by counsel, the location of documents is frequently only a minor consideration."); *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1283 (S.D. Fla. 2020) (finding location of documents to be "virtually irrelevant" when the defendant identified no prejudice that may arise from having to produce documents from outside the forum); *Bizzack Constr., LLC v. TRC Eng'rs, Inc.*, No. CV 5:20-84-KKC, 2021 WL 1230482, at *3 (E.D. Ky. Mar. 31, 2021) ("[T]he pandemic has been instrumental in highlighting the benefits of modern technology. To the extent there is additional expense or

---

[3] Both parties cite Defendant's Amended Initial Disclosures (ECF No. 18-3) for these propositions, but a review of that document reveals no support for either position.

7

inconvenience to any of the witnesses, this may be alleviated though [*sic*] video depositions, remote testimony, or other technological means."); *Salebuild, Inc. v. Flexisales, Inc.*, 633 F. App'x 641, 643 (9th Cir. 2015) ("[I]n this age of robust video conferencing technology, one would expect relative travel costs to be a non-issue, regardless of the precise number of witnesses present in either locale."). And given that potential opt-in plaintiffs and class members are found in at least four states, it is hard to conclude that any one location will be more convenient than others for purposes of issuing compulsory process or obtaining the attendance of willing witnesses.

The public interest factors provide no more clarity. Neither party has made any arguments about the relative congestion of this Court's docket versus that of the Western District of Washington; as the parties both agree, this case spans facilities across the country and cannot be described as a "localized controversy"; and as this is not a diversity case, there is no "forum that is at home with the law." *See Atl. Marine*, 572 U.S. at 62 n.2. Although Defendant contends that Ohio is the more appropriate forum because Plaintiff also asserts claims under Ohio statutes, those statutes are interpreted under the same standards as the FLSA. Accordingly, we need not be concerned with the Western District of Washington's lack of familiarity with Ohio law or Ohio's interest in applying its own law. *See Shumate v. Genesto, Inc.*, No. 2:17-CV-0157, 2017 WL 4418577, at *3 (S.D. Ohio Oct. 4, 2017) ("Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. The appended state law claim, therefore, makes this matter no more compelling to this district than to any other.") (cleaned up); *Siegfried v. Takeda Pharms. N. Am., Inc.,* No. 1:10-CV-02713-JG, 2011 WL 1430333, at *4 (N.D. Ohio Apr. 14, 2011) (same); *Eberline v. Ajilon LLC*, 349 F. Supp. 2d 1052, 1055 (N.D. Ohio 2004) (same).

In sum, venue is equally proper in the Southern District of Ohio and the Western District of Washington, and the public and private interest factors are neutral. "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645–46. Although Washington may be an equally convenient forum in which to litigate this action, Plaintiff has not shown that it would be a *more* convenient forum. Accordingly, transfer under § 1404(a) is inappropriate.

### IV.   DISPOSITION

For the foregoing reasons, Plaintiff's Motion to Transfer Venue (ECF No. 15) is **DENIED**. Per the Court's July 10, 2023 Notation Order, the parties are **ORDERED** to confer and submit a renewed Rule 26(f) report **WITHIN 14 DAYS** of the date of this Order.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE